UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Joyelle Tyler,<br>    Plaintiff,<br><br>v.<br><br>City of North Charleston,<br>    Defendant. | CASE NO.: _2:25-cv-00656-DCN-MHC_<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

The Plaintiff, complaining of the Defendant, would show unto this Honorable Court as follows:

### JURISDICTION AND VENUE

1. This Complaint arises out of violations of the Family and Medical Leave Act, 29 U.S.C. §2601, *et. seq.* (hereinafter "FMLA").

2. The Plaintiff, Joyelle Tyler, is a citizen of the State of South Carolina, and resides in Berkeley County, South Carolina.

3. The Defendant, City of North Charleston, is a governmental municipality operating in this judicial district.

4. The Defendant is an industry that affects commerce within the meaning of the FMLA.

5. The Defendant is a "person" within the meaning of the FMLA.

6. The Defendant employs fifty (50) or more employees and is an "employer" within the meaning of the FMLA.

7. All employment practices alleged herein were committed within the State of South Carolina.

8. The Defendant operates a business in this judicial district and all of the events or omissions giving rise to the claims hereunder occurred in this judicial district. Therefore, venue is proper in this Court pursuant to 28 U.S.C. §1391.

9. This court has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. §1331 (federal question).

10. Therefore, the parties, subject matter and all things hereinafter alleged are within the jurisdiction of this Court.

## STATEMENT OF FACTS

11. The Defendant adopted the Family and Medical Leave Act and offered it as a benefit to its employees.

12. In or around July 2022, the Plaintiff began working for Defendant as a Victim's Advocate, and on or about November 6, 2023, the Plaintiff moved to a Human Resources Specialist. At all times during her employment, the Plaintiff was efficient and effective in her work.

13. During her employment, the Plaintiff suffered an injury and she initiated a workers' compensation claim.

14. Additionally, the Plaintiff's son, who is Autistic, required Plaintiff to request for intermittent FMLA; her son's medical issues constitute a serious health condition as defined by the FMLA. Said request for intermittent FMLA was approved.

15. The Plaintiff was missing time due to her physical therapy appointments related to her workers' compensation claim. Kindra Holmes would give the Plaintiff a hard time because not all her work was being completed, due to her physical therapy appointments. Ms. Holmes began retaliating against the Plaintiff for missing time, because of her workers' compensation claim.

16. Despite the fact Plaintiff use of workers' compensation time was a direct result of her workers' compensation claim and approved FMLA intermittent leave, on or about November 2, 2023, the Plaintiff requested to take FMLA leave for a week for her son, which was approved by Defendant.

17. On or about January 18, 2024, the Plaintiff was put on a Performance Improvement Plan (PIP) due to the days she was missing for her workers' compensation claim, and her FMLA leave.

18. The Plaintiff requested to speak to someone over Human Resources, but nothing was ever done, and Plaintiff started missing physical therapy due to her being retaliated against and placed on a PIP.

19. On or about February 14, 2024, while Plaintiff was still in treatment for her workers' compensation claim, and shortly after her FMLA approved leave, Defendant terminated her employment.

20. The Plaintiff's termination was in direct retaliation with the rights afforded to her under the FMLA and in retaliation for seeking leave to which she was entitled as well as her workers' compensation claim against Defendant.

## FOR A FIRST CAUSE OF ACTION
**Retaliation 41-1-80**

21. The Plaintiff reiterates each and every allegation above as if fully repeated herein.

22. The Plaintiff's treatment, in fact, was retaliatory in nature for Plaintiff's instituting, or causing to be instituted, a workers' compensation claim, and the arbitrary and irrational reason given was a pretext, all in violation of the S.C. Code of Laws, §41-1-80, as amended.

23. The Plaintiff's institution, or causing to be instituted, of a worker's compensation claim was a substantial factor in the Defendant terminating her.

24. The acts and conduct of the Defendant set forth above constitute a clear violation of public policy and were conducted in bad faith.

25. Because of such wrongful and retaliatory treatment by Defendant, its agents and employees, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

26. Due to the acts of Defendant, its agents and employees, the Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits and lost opportunity, reinstatement of benefits, and front pay.

27. Due to the acts of Defendant, its agents and/or employees, Plaintiff is entitled to an equivalent amount of pay that she was regularly getting before her injuries through, back wages and bonuses from the date of her retaliation to the present date, front pay for wages, wages she will lose in the future, and past and future benefits.

## FOR A SECOND CAUSE OF ACTION
### Violation of the Family and Medical Leave Act – Retaliation

28. The Plaintiff reiterates each and every allegation above as if fully repeated herein.

29. As alleged above, Plaintiff satisfactorily performed her essential and fundamental job functions and was an exemplary employee in all respects. Upon her request, she was entitled to and approved to take intermittent leave pursuant to the Family and Medical Leave Act of 1993 (29 U.S.C. §2601, *et. seq*.).

30. The Defendant's discipline against Plaintiff and retaliatory discharge of her employment as a result of her having taken such leave is a violation of her rights under said statute(s).

31. By promptly terminating the Plaintiff, the Defendant retaliated against the Plaintiff in violation of the FMLA.

32. The Defendant's actions were done willfully, maliciously, wantonly and recklessly in an intentional action designed to damage the Plaintiff.

33. Accordingly, Plaintiff is informed and believes that due to the acts of the Defendant, she is entitled to injunctive relief and civil damages, including lost wages to be doubled and benefits together with interest thereon, front pay and liquidated damages, as well as reasonable attorney's fees and costs for the bringing of this action.

## **RELIEF REQUESTED**

Plaintiff requests a judgment by this Court against Defendant as follows:

1. Judgment in favor of the Plaintiff and against Defendant for all causes of action;

2. Judgment in favor of the Plaintiff and against Defendant for back pay to be doubled she would have earned (with related monetary benefits and interest thereon) had she been kept in her proper employment;

3. Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits she lost in an amount to be determined by the trier of fact;

4. Prejudgment interest, costs and attorney's fees as may be allowed by law;

5. An award to the Plaintiff for reinstatement to her former position; and

6. For such other and further relief as this Court deems just, proper and allowable by statute, case law or otherwise.

**WIGGER LAW FIRM, INC.**

*s/Jarrel L. Wigger*
Jarrel L. Wigger (Fed. I.D. #6345)
Attorney for Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC 29406
(843) 553-9800

North Charleston, South Carolina
February 4, 2025.